UNITED STATES of America

v.

Jack E. BRONSTON, Defendant.

No. 80 CR. 224(MP).

United States District Court,
S. D. New York.

July 2, 1980.

William M. Tendy, Chief Asst. U. S. Atty., S. D. New York, for United States by Patricia M. Hynes, Asst. U. S. Atty., New York City.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant by Louis Nizer, Angelo T. Cometa, Shiela G. Riesel, New York City.

## MEMORANDUM

MILTON POLLACK, District Judge.

Defendant Jack E. Bronston moves, pursuant to Fed.R.Crim.P. 12(b), for dismissal of the indictment. For the reasons given hereafter, the motion will be denied in all respects.

Briefly stated, the indictment charges Mr. Bronston, who is a lawyer, with having violated the mail fraud statute, 18 U.S.C. § 1341, by promoting the interests of Convenience and Safety Corporation ("C & S") in its quest for the bus shelter franchise from the City of New York and in attempting to block BusTop Shelters Inc., the then-holder of the franchise from obtaining an impending long term renewal thereof.

In 1977 BusTop needed additional capital. Fifty Third Street Ventures, Inc. and FNCB Capital Corp. agreed to invest in BusTop. These two groups are the core of the "minority investors" referred to in the indictment. Beginning in approximately June 1977, the law firm of which Mr. Bronston was a member undertook the representation of the minority investors in BusTop in respect of their investment of capital in BusTop. The law firm directly billed Bus-Top for legal services rendered on behalf of that company's minority investors and these bills were paid to the law firm by BusTop.

Mr. Bronston's promotion of C & S's interests, it is alleged, occurred at and during the same times as his law firm was actively representing the adverse interests of the minority investors of BusTop. The indictment charges that Mr. Bronston knowingly breached the fiduciary duty he owed the minority investors represented by his firm, in pursuance of a scheme to defraud them.

Defendant's primary argument is that the indictment fails to allege a mail fraud because it does not charge in *haec verba* that the defendant used the alleged breach of duty in the scheme set forth. No authority has been or can be pointed out which requires that "use of fiduciary position to further the scheme" *must* be charged in that language in the indictment. Rather, allegations as are set forth in the

instant indictment of using the mails in a knowing breach of fiduciary duty committed in furtherance of a scheme to defraud and with the intent to defraud are sufficient to sustain an indictment under the mail fraud statute. *United States v. Mandel*, 591 F.2d 1347, 1363 (4th Cir. 1979); *Post v. United States*, 407 F.2d 319, 329 (D.C.Cir.1968), *cert. denied*, 393 U.S. 1092, 89 S.Ct. 863, 21 L.Ed.2d 784 (1969).

The Government has stated in response to defendant's arguments that it will prove that defendant actually participated in his firm's representation of the minority investors in BusTop; that defendant was privy to confidential information; and that defendant knowingly used his fiduciary position in advising C & S and in promoting its interests in pursuance of the scheme alleged in the indictment. These evidentiary details are adequately embraced in the reasonably specific allegations of the indictment in paragraphs 7 through 10, which link the fiduciary breach with the requisite alleged intent to defraud. The indictment "contains the elements of the offense intended to be charged" in adequate factual detail to "apprise the defendant of what he must be prepared to meet," and thus is facially sufficient. *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1961).

Whether the allegations of the indictment will hold up factually when tested in the crucible of a trial at which the witnesses will be heard, the issues of motive and intent examined and cross-examined, and documents adduced and assayed, is not the question to be answered at this time. Perhaps a jury might accept the views set forth by defendant's counsel in his affidavit and at oral argument, but surely it is not required to; perforce, the legal sufficiency of the indictment may not be evaluated by comparing it with defendant's exemplary life long character traits.

Defendant's other contentions can be dealt with briefly. The mail fraud statute has repeatedly withstood attacks on the ground of unconstitutional vagueness and the facts alleged in this indictment do not warrant a different result herein. *See, e. g., United States v. Condolon*, 600 F.2d 7 (4th Cir. 1979).

Nor is the indictment subject to dismissal on hearsay assertions of prosecutorial threats, leaks, protests and allegedly contrived conduct. The suppositions concerning the scope of the presentation to the Grand Jury likewise present nothing of substance to impugn the indictment.

The suggestion that portions of the indictment should be trimmed out as surplusage, inflammatory or prejudicial is inapplicable to this prosecution. It cannot fairly be said at this point of the case that the matter to which the defendant objects in the recitals of the indictment is either inadmissible or prejudicial.

■ The suggestion that the grand jury's attendance charts be examined by the Court, calls for a scrutiny that is legally unnecessary under the settled law of this Circuit. Whether 12 grand jurors voting the indictment heard all the evidence raises no flaw in the indictment. *United States v. Colasurdo*, 453 F.2d 585, 596 (2d Cir. 1971), *cert. denied*, 406 U.S. 917, 92 S.Ct. 1766, 32 L.Ed.2d 116, *citing United States ex rel. McCann v. Thompson*, 144 F.2d 604 (2d Cir.), *cert. denied*, 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944).

The defendant's motion to dismiss the indictment is in all respects denied.

So ordered.